# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50253
consolidated with
No. 23-50256

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alberto Acosta-Estrella,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:16-CR-91-4, 4:22-CR-749-1

_____

Before Davis, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Alberto Acosta-Estrella appeals his guilty plea conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2), as well as the revocation of his supervised release and the sentence imposed upon revocation. He does not raise any arguments concerning the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50253
c/w No. 23-50256

revocation, meaning that any challenge on that basis is abandoned on appeal. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

Acosta-Estrella argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review. Accordingly, he has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Acosta-Estrella is, therefore, correct that his argument is foreclosed. Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary disposition is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, Acosta-Estrella's motion for summary disposition is GRANTED, and the judgments of the district court are AFFIRMED.